In the Matter of ALAN KOLANDA, Petitioner, v. DELBERT PEMBRIDGE, as Chief of Police of the Village of Endicott, et al., Respondents.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Board of Trustees of the Village of Endicott, New York, discharging petitioner from the police department for alleged acts of misconduct, following a hearing pursuant to article 7 of the Village Law. Petitioner was employed as a police officer, by the Endicott Police Department, from August 1, 1954 until March 12, 1965, when he was suspended by the chief of police. The board found him guilty of four charges: (1) when another officer attempted to question a 17-year-old youth in reference to a police matter, petitioner advised the youth not to co-operate with the police and admit to nothing; (6) committing an act of delinquency seriously affecting his general character or fitness as a police officer in that he did endanger the morals of a minor by performing indecent, improper and immoral advances on a 12-year-old youth; (7) committing an act of delinquency seriously affecting his general character or fitness as a police officer in that on March 8, 1965, he did perform indecent, improper and immoral advances and acts on a 17-year-old youth in the garage of his premises; (8) committing an act of delinquency seriously affecting his general character or fitness as a police officer in that on March 5, 1965, he did commit an act of sodomy with the same 17-year-old youth in the garage of his premises. The evidence against petitioner consisted solely of the testimony of the youths allegedly involved with him. Petitioner denied all of the charges against him. Petitioner contends: the sixth charge was so vague as to deprive him of due process of law; the uncorroborated testimony of the youths was insufficient to sustain the findings of the board; and the decision of the board was not supported by substantial evidence. Petitioner is not estopped from now raising the issue of vagueness of the sixth charge, since the opinion of this court in *Matter of Kolanda v. Brunner* (27 A D 2d 886) left this question open for our determination. However, in our view, petitioner was reasonably afforded sufficient information to enable him to prepare a defense to the sixth charge. As to the necessity for corroboration of the youths' testimony, it is well settled that section 399 of the Code of Criminal Procedure, which requires corroboration of accomplice testimony in a criminal case, does not apply to hearings such as the one in the case at bar (*Matter of Evans v. Monaghan*, 306 N. Y. 312). This principle was recently reaffirmed by the Court of Appeals in *Matter of Sowa v. Looney* (23 N Y 2d 329). Therefore, we need not reach the question of whether the youths were accomplices. The record contains substantial evidence to support the findings of the board. In addition to the testimony of the youths, evidence in the form of police records kept in the ordinary course of business contradicted petitioner's account of the manner in which he spent the days of March 5 and 8, 1965, and served to

impeach his credibility. The board had the duty to resolve the conflicting testimony; we cannot weigh the evidence and reject the board's determination where "the evidence is conflicting and room for choice exists" (*Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256, 267). Determination confirmed, without costs, and petition dismissed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum *Per Curiam.*